IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA,
FORT MYERS DIVISION

In the Matter of:

RODOLFO ORTEGA
AIDA VAZQUEZ

CASE No. 9-15-bk-09497-FMD
Chapter 7

Debtor(s)/

## MOTION FOR APPROVAL OF STIPULATION RE: TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION AND AMENDMENTS THERETO (IF ANY)

Comes now Diane L. Jensen as Trustee in Bankruptcy of the above captioned matter, by and through her undersigned counsel, and she does hereby move unto this Honorable Court for approval of Stipulation Re: Trustee's Objection to Claim of Exemption and Amendments Thereto (if any), attached hereto, and as grounds therefor would state that she believes it would be in the best interest of the bankruptcy estate for the Stipulation to be approved and said Stipulation is not a compromise.

**NOTICE OF OPPORTUNITY FOR OBJECTION AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at United States Bankruptcy Court, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Diane L. Jensen, P. O. Drawer 1507, Fort Myers, FL 33902-1507, and a copy on Assistant U. S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

WHEREFORE, Movant prays that the stipulation be approved and the Debtors be directed to comply with the terms stated therein.

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic notice if registered in the Electronic Case Filing System, otherwise by U. S. Mail on the following: **CYNTHIA P. BURNETTE, Ass't U.S. Trustee, RODOLFO ORTEGA & AIDA VAZQUEZ,** 900 Gerald Ave , Lehigh Acres, FL 33936, **ROBERT SANCHEZ,** 355 W. 49th Street, Hialeah, FL 33012, and all parties on the mailing matrix on this _1-14-16_

PAVESE LAW FIRM
Attorneys for Trustee
Post Office Drawer 1507
Fort Myers, Florida 33902
(239) 336-6263
(239) 332-2243 – fax

By:   /s/ Diane L. Jensen
            Diane L. Jensen
            Florida Bar #:153607

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA,
FORT MYERS DIVISION

In the Matter of:

RODOLFO ORTEGA
AIDA VAZQUEZ

CASE No. 9-15-bk-09497-FMD
Chapter 7

_____Debtor(s)/

## STIPULATION RE: TRUSTEE'S OBJECTION TO
## CLAIM OF EXEMPTION AND AMENDMENTS THERETO (IF ANY)

Come now Diane L. Jensen, Trustee in Bankruptcy of the above captioned case, and RODOLFO ORTEGA & AIDA VAZQUEZ, by and through their undersigned counsel, and they do hereby stipulate as follows:

1.     Trustee filed an Objection to Claim of Exemption under Section 522, and this Stipulation is intended to resolve Trustee's original Objection and amendments thereto, if any, filed prior to the date of this Stipulation.

2.     The Trustee and the Debtors have reached an agreement wherein the Debtors will surrender 261/365ths of their 2015 tax refund calculated after deduction for any earned income credit and shall be permitted to repurchase the equity in the non-exempt portion of the property as described in column 4 of the attached Exhibit A (Asset Worksheet) Asset Numbers 5, 6, 7, 8, 10, and 11, for a purchase price of $2,555.95, as itemized in Column 10, together with a service charge of $240.00 for a total purchase price of $2,795.95, payable at $233.00 per month, beginning January 11, 2016 with subsequent payments being due on the 11th day of each month thereafter until the entire balance has been paid in full. If the full amount is paid in a lump sum by the first payment due date, the service fee shall be waived. Said payments are to be made payable to DIANE L. JENSEN, TRUSTEE, and sent to P. O. Drawer 1507, Fort Myers, FL 33902, no cash payments. In the event the payment is not *received* by the Trustee no later than five calendar days after the due date, and the Trustee sends a demand letter, the Debtor agrees to pay a late fee of Fifty Dollars ($50) for each letter sent, which will be added to the following payment due. In the event a check is returned to the Trustee for insufficient funds, the Debtor agrees to pay a returned check fee of $50.00

3.     All tax returns shall be filed on a timely basis, but no later than October 15, of the year for which the return is due if an appropriate extension has been obtained. Debtor(s) shall provide a copy of the complete tax return within seven (7) days of filing the tax return, and shall provide a copy of any extensions sought within seven (7) days of filing the extension. Debtor(s) shall pay the bankruptcy estate's portion to the Trustee for any refunds received directly by Debtor(s) within seven (7) days of receipt of the refund.

4. The above described Stipulation is subject to Notice being sent to all creditors, and no objections being filed or higher bids being submitted. In the event a higher bid is received, Trustee shall notify the Debtor and arrange an auction. Further, in the event the Debtor is not the high bidder, for any property being repurchased at private sale, Debtor will receive a refund of any funds paid for said property.

5. To the extent this Stipulation includes repurchase of any vehicles, the Debtors shall provide proof of insurance to the Trustee with the first payment due hereunder, and further, Debtors acknowledge that the Trustee has a security interest in the vehicles to the extent of the entire repurchase amount and will agree, if requested, to execute a Notice of Lien to perfect Trustee's security interest therein, and will agree to pay any lien fees. This Stipulation shall also constitute a security agreement in any and all assets being repurchased to the extent of the amount of the Stipulation. In addition to providing Trustee with Proof of Insurance, the Debtors also agree to surrender the original Certificate of Title of any and all unliened vehicles to the Trustee, which Certificate of Title the Trustee shall hold until all sums are paid in full. Debtors will also provide notice to their insurance company of the lien of the Trustee and shall have Trustee listed as loss payee on any applicable policy, which shall also provide that the Trustee be notified of any cancellation of insurance. Failure to maintain insurance shall constitute a default of the Stipulation.

6. In the event any payment is not made, the Trustee shall give written notice to the Debtors and Debtors' counsel, at the last address of record. If the Debtors fail to cure the default within ten days from the date of the letter, the Trustee shall have the right to accelerate the remaining balance due and to file a Motion for Entry of Final Judgment for said sums together with estimated attorney's fees and costs for the need to file an adversary proceeding to deny or revoke the Debtors' discharge. A Final Judgment based on the Motion shall be entered without further notice or hearing. Further, the Trustee shall have the right to file suit seeking the revocation or denial of the Debtors' discharge, as appropriate, due to the Debtors failing to comply with the terms of the Stipulation.

DATED this 1/11/2016.

PAVESE LAW FIRM
Attorneys for Trustee
Post Office Drawer 1507
Fort Myers, Florida 33902
(239) 336-6263
(239) 332-2243 - fax

By: _____
Diane L. Jensen
Florida Bar No. 153607

Attorneys for Debtors
355 W. 49th Street
Hialeah, FL 33012
(305) 687-8008

By: _____
ROBERT SANCHEZ

File No. S9915.449
F:\WPDATA\SUE\WORDDOCS\STIPS\Ortega_Rudolfo.doc

Date: 12/10/15  Page: 1

# Asset Worksheet
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

Case Number: 15-09497
Case Name: ORTEGA, RODOLFO / VAZQUEZ, AIDA

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled Property) | Sequence Code | Petition Value | Asset Number | Adjusted Value Determined by Trustee | Allowed Exemptions | Amount of Secured Liens | Value Determined by Trustee Less Liens and Exemptions | Sales / Funds Received by the Estate | Balance to be Received by the Estate | Abandoned |
| HOMESTEAD: 900 GERALD AVE LEHIGH | A | 86,340.00 | 1 | 86,340.00 | 86,340.00 | | 0.00 | | FA | |
| CASH ON HAND | B-1 | 50.00 | 2 | 50.00 | 50.00 | | 0.00 | | FA | |
| WELLS FARGO CHECKING ACCOUNT | B-2 | 350.00 | 3 | 350.00 | 350.00 | | 0.00 | | FA | |
| WELLS FARGO WAY TO SAVE ACCOUNT | B-2 | 100.00 | 4 | 100.00 | 100.00 | | 0.00 | | FA | |
| SUN NET CREDIT UNION ACCONT | B-2 | 30.00 | 5 | 594.95 | 30.00 | | 564.95 | | 564.95 | |
| STOVE, DISHWASHER, MICROWAVE. | B-4 | 1,321.00 | 6 | 2,061.00 | 1,321.00 | | 740.00 | | 740.00 | |
| OLD, USED CLOTHING AND SHOES | B-6 | 80.00 | 7 | 100.00 | 80.00 | | 20.00 | | 20.00 | |
| WEDDING RINGS, FASHION WATCHES | B-7 | 100.00 | 8 | 100.00 | | | 100.00 | | 100.00 | |
| RETIREMENT ACCOUNT 401 K | B-12 | 832.31 | 9 | 832.31 | 832.31 | | 0.00 | | FA | |
| 1998 CHEVROLET S-10 VIN.XXX-5619 | B-25 | 750.00 | 10 | 1,200.00 | 1,000.00 | | 200.00 | | 200.00 | |
| 2008 NISSAN ALTIMA VIN.XXX-0716 | B-25 | 2,000.00 | 11 | 2,000.00 | 1,069.00 | | 931.00 | | 931.00 | |
| Totals | | 91,953.31 | | 93,728.26 | 91,172.31 | 0.00 | 2,555.95 | 0.00 | 2,555.95 | |